MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 10 CR 664 |
| v. | ) Judge Milton Shadur |
| | ) |
| GREGORY CALLEGARI | ) |
| | ) |

AGREED PROTECTIVE ORDER

The Parties have agreed to the form of such a protective order as follows;

THEREFORE, IT IS HEREBY ORDERED that, good cause being found:

1. This Protective Order shall apply to all information, documents, testimony, and things produced by the government in discovery in this case produced on or after the date this protective order is entered.

2. As used herein, the term "Confidential Information" shall mean and is limited to any audio recordings, transcripts of audio recordings, and/or grand jury transcripts of individuals 1, 2 and 3 (or any other person whom the parties agree to in writing) which are provided by the government in discovery in this case and which the government designates as confidential according to the terms of this protective order. The identities of the persons identified numerically will be made known to the defense in writing and will be treated as Confidential Information and subject to the terms of paragraph 4 below.

3. Discovery material designated as Confidential shall be so marked

by conspicuously affixing the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page, or for audio media, on a label affixed thereto.

4. The protections conferred by this Order cover not only Confidential Information, but also any information copied or extracted therefrom, copies, excerpts, analyses, summaries, or compilations thereof.

5. Defendant shall use Confidential Information only for purposes of this case.

6. Access to Confidential Information in the form of originals, copies, excerpts or otherwise, is restricted to the following persons, who must be given notice of this Order and advised of its terms:

(a) Counsel retained by Defendant or appearing in this case, including attorneys, experts, consultants, paralegal assistants, administrative and clerical employees working under direct supervision of such attorneys; and

(b) This Court, its personnel, and any court reporters involved in taking or transcribing testimony in this case; and

(c) Any potential witnesses in this case so long as the Confidential Information is a recording, transcript or other document containing that witness's own statement(s).

7. Confidential Information shall not be filed with the Clerk of Court.

Confidential Information that requires the Court's review shall be submitted to Chambers in camera in a sealed envelope bearing the case caption, case number, the title of the motion or response to which the submitted Confidential Information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A redacted copy of the pleading shall be filed with the Clerk of Court for the record. In addition, personal identifying information will be removed from Discovery Materials before any such material is publicly filed with the Clerk.

8. The restrictions set forth in this Order do not apply to documents that are or become public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain.

9. No modification or amendment of this Protective Order is permitted except by a written document signed by the Parties and approved by the Court. The Parties agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

10. Each party reserves all other rights relating to discovery and production of documents, including the right to petition the Court to construe, modify, or enforce this Order upon proper notice. The Court retains jurisdiction

to resolve any disputes regarding this Order.

ENTER:

MILTON SHADUR
United States District Judge

Date: Sept. 23, 2010